**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MALEK BOUZID ALIANE,**

        **Plaintiff,**

    **v.**                                  **Civil Action 2:17-cv-142**
                                            **Judge Michael H. Watson**
                                            **Magistrate Judge Jolson**

**LAWRENCE BAILEY, et al.,**

        **Defendants.**

**REPORT AND RECOMMENDATION**
**AND ORDER**

Plaintiff Malek Bouzid Aliane, a *pro se* prisoner, filed a Motion for Leave to Proceed *in forma pauperis* on February 17, 2017. (Doc. 1). Pursuant to 28 U.S.C. § 1915(a), that Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, as explained below, the Court concludes this action cannot proceed.

**I.**     **LEGAL STANDARD**

Because Plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint (Doc. 1-1). 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, "or any portion of the Complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers...."); *Thompson v. Kentucky*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) ("Although *pro se* complaints are to be

construed liberally, they still must set forth a cognizable federal claim." (citation omitted)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

## II.     BACKGROUND

The instant Complaint relates to Plaintiff's arrest by Deputy United States Marshal Mark H. Stroh on July 21, 2015, while Plaintiff was living at Alvis House for Men, a halfway house in Columbus, Ohio. (*Id*. at ¶ 9). Plaintiff claims that, during a search incident to arrest, Defendant Stroh removed the key for Plaintiff's Mercedes Benz from Plaintiff's pocket and placed it in his own pocket. (*Id*. at ¶ 10). On the same day, Plaintiff called his "authorized agent," requesting that she retrieve his car key from the jail and remove the car from the Alvis House parking lot. (*Id*. at ¶ 13).

Plaintiff claims that, on July 22, 2015, Defendant Stroh gave the car key to Defendant Christine McKee, Operations Manager of Alvis House, without his consent. (*Id*. at ¶ 15). According to Plaintiff, Defendant McKee conducted an unauthorized search of the vehicle under the guise of protecting unsecured valuables in it. (*Id*. at ¶ 15). Included in the items found in the car was "one or more bank receipts in the amounts of $10,000 for Wood Forest Bank." (*Id*. at ¶ 19). Plaintiff asserts that Defendant McKee removed Plaintiff's personal items from the car and brought them into Alvis House. (*Id*. at ¶ 17).

When Plaintiff's agent arrived at the jail to retrieve the key, she was referred to Defendant McKee. (*Id*. at ¶ 14). Allegedly relying on information from Defendant Lawrence Bailey, a Special Agent for the Office of the Inspector General, United States Department of Labor, and Defendant Jason Roessner, a Special Agent with the Internal Revenue Service,

Criminal Investigation Division, Defendant McKee reportedly told Plaintiff's agent that the property might be seized and releasing it would "run afoul of the [U.S. Marshals Service]." (*Id.* at ¶ 18). Plaintiff claims that Defendant McKee was contacted numerous times between July 21 and July 28, 2015, concerning the release of his property. (*Id.* at ¶ 21). However, Defendant McKee refused to release it on the grounds that doing so would "run afoul of the various government agents and agencies." (*Id.*). On July 28, 2015, Defendant Bailey and Defendant Roessner executed a search warrant, obtaining Plaintiff's car and personal property taken from the car at Alvis House. (*Id.* at ¶ 23).

Based upon these allegations, Plaintiff brings a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Specifically, Plaintiff alleges that the "illegal search and seizure" of his car and personal property violated his Fourth Amendment rights (Doc. 1-1 at ¶ 32) and that Defendants joined in a civil conspiracy to injure him by unlawfully retaining, searching, and seizing his vehicle and personal property (*id.* at ¶ 33). In addition, Plaintiff claims conversion under state law. (*Id.* at ¶ 34).

## III.  DISCUSSION

### A.  Plaintiff's Other Property-Related Claims

This isn't the first time Plaintiff has filed a lawsuit against Defendant Stroh concerning his property. In 2014, Plaintiff filed a negligence action under the Federal Tort Claims Act ("FTCA") alleging that Defendant Stroh failed to follow the proper procedures for returning property confiscated during his 2012 arrest. *Aliane v. United States Marshals Service, et al.*, No. 2:14-cv-602, 2015 WL 8539041 (S.D. Ohio Dec. 12, 2015). More specifically, Plaintiff claimed that Defendant Stroh improperly transferred the property to a third party, Plaintiff's ex-girlfriend. *Id.* at *1. This Court found that the controlling law barred a claim for detention of property by a

3

Deputy United States Marshal and that the property at issue was detained despite being transferred to Plaintiff's ex-girlfriend. *Id.* at *3. After granting the United States' Motion to Substitute, the Court found that the exception to the waiver of sovereign immunity under the FTCA applied to Plaintiff's claim. *Id.* at *2–3. Consequently, the Court dismissed the case for lack of jurisdiction. *Id.* at *3.

Additionally, this case isn't the only action Plaintiff has taken concerning the property seized in connection with his July 21, 2015 arrest. Indeed, approximately one month prior to filing this lawsuit, Plaintiff filed a Motion for Return of Property in his criminal case, *United States v. Aliane*, 2:15-cr-194. (*United States v. Aliane*, No. 2:15-cr-194, Doc. 45). In his Motion for Return of Property, Plaintiff states that he "surrendered the key" to his Mercedes Benz to Defendant Stroh, who "subsequently [and] illegally" gave it to Defendant McKee. (*Id.* at 2). Plaintiff identified his mother-in-law as the "authorized agent" who requested the return of his property from Defendant McKee. (*Id.*). Again, Plaintiff claimed that Defendant McKee conducted an unauthorized search of his car, wrongfully removed items and brought them into Alvis House, and allowed Defendant Bailey and Defendant Roessner to have an "unauthorized 'sneak and peek' of [his] property several days prior to them seeking a search warrant from the Court." (*Id.*). That Motion remains pending.

## B.    The Instant Case

In this case, the Court's inquiry is guided primarily by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1988) ("While *Heck* concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the *Heck* holding applies equally to an action brought under *Bivens*, where the claim would necessarily undermine the validity of

Plaintiff's criminal conviction."); *see also King v. Fuller*, No. 4:08-cv-36, 2008 WL 4613076, at *2 (E.D. Tenn. Oct. 15, 2008) (finding "a *Bivens* action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions").  "Although *Heck* does not completely bar Fourth Amendment claims," to recover compensatory damages based on the allegedly unreasonable search and seizure, Plaintiff must prove that the search or seizure caused him an "actual, compensable injury."  *See, e.g.*, *Straughter v. Fobar*, No. 2:16-cv-12025, 2016 WL 3269555, at *2 (E.D. Mich. June 15, 2016) (dismissing Plaintiff's § 1983 case arising under the Fourth Amendment upon initial screening). The injury resulting from his conviction and imprisonment is insufficient, unless or until it is overturned or invalidated.  *Id*.  The Sixth Circuit "plac[es] the onus on the district court to assess whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction."  *Harper v. Jackson*, 293 F. App'x 389, 391–92 (6th Cir. 2008); *see also Ranke v. Pitt*, No. 11-12763, 2012 WL 1605493, at *7 (E.D. Mich. Mar. 5, 2012) (noting that the Sixth Circuit has directed district courts "to assess the facts and proper conviction of each case").

Here, Plaintiff does not allege any actual, compensable injury other than his conviction and incarceration on charges of mail fraud and false claims against the United States.  (*See* Doc. 1-1 at ¶¶ 35–41); (*United States v. Aliane*, No. 2:15-cr-194, Doc. 40).  Plaintiff alleges that the illegal "sneak and peek" resulted in the issuance of a search warrant (*United States v. Aliane*, No. 2:15-cr-194, Doc. 45 at 3 (stating that Defendant Bailey and Defendant Roessner obtained the search warrant "only after they were able to view the contents of [his] vehicle beforehand")), and the items seized comprised nearly all of the government's evidence against him in his criminal case (*id*. (explaining that the "items removed from the search were the only items provided in discovery by the government," except for pages in a half-way house file)).  Because the search

and seizure at issue produced evidence resulting in Plaintiff's conviction, a finding in Plaintiff's favor would necessarily imply the invalidity of his conviction.  Thus, the Court finds Plaintiff's federal claims are barred by the *Heck v. Humphrey* doctrine.  *See, e.g.*, *Ayoub v. Howe*, No. 07-13301, 2008 WL 162539, at *1-3 (E.D. Mich. Jan. 16, 2008) (adopting Report and Recommendation screening *Bivens* claim as barred by *Heck*); *King*, 2008 WL 4613076, at *3-4 (screening *Bivens* claim under *Heck*).

Based upon this finding, the appropriate course is to dismiss Plaintiff's federal claims "for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous."  *Straughter*, 2016 WL 326955, at *3. Dismissal for lack of subject matter jurisdiction is proper because the dismissal is not an adjudication on the merits and would allow Plaintiff to reassert his claims if his conviction or sentence is invalidated later.  *Id.*  Thus, it is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED WITHOUT PREJUDICE**.

### C.  Supplemental Jurisdiction

Finally, in addition to asserting violations of his federal civil rights, Plaintiff's conversion claim is rooted in state law.  The Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well."  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009).  Accordingly, because the Undersigned recommends dismissal of Plaintiff's federal claims, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(c)(3).

## IV.    CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  However, having performed an initial screen, for the reasons set forth above, it is recommended that Plaintiff's Complaint be **DISMISSED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  March 9, 2017                    /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE