**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Malek Bouzid Aliane,

    Plaintiff,

v.

Lawrence Bailey, et al.,

    Defendants.

Case No. 2:17-cv-142

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Malek Bouzid Aliane ("Plaintiff"), a prisoner proceeding *pro se*, brings this *Bivens* action against Defendants Lawrence Bailey, Special Agent with the Office of Inspector General ("Special Agent Bailey"); Jason Roessner, Special Agent with the Internal Revenue Service, Criminal Investigation Division ("Special Agent Roessner"); Mark H. Stroh, Deputy United States Marshal for the Southern District of Ohio ("Deputy Stroh"); and Christine A. McKee, Operations Manager of the Alvis House for Men ("McKee") (together, "Defendants"). Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from unlawful searches and seizures and engaged in a civil conspiracy to illegally search and seize his property. Plaintiff also brings a state-law claim against Defendant McKee for conversion.

Magistrate Judge Jolson, to whom this case is assigned, issued a Report and Recommendation ("R&R") and Order that granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). R&R and Order 1, ECF No. 3. The R&R also recommended that the Court dismiss Plaintiff's federal claims without prejudice for lack of federal subject matter jurisdiction pursuant to Federal Rule of

Civil Procedure 12(h)(3) because Plaintiff failed to state a claim for which relief may be granted. *Id.* at 6. Additionally, the R&R recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(c)(3). *Id.* Plaintiff objects to the recommendation that his federal claims be dismissed for lack of subject matter jurisdiction.

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **AFFIRMS** and **ADOPTS** the R&R and **DISMISSES** Plaintiff's Complaint.

## I. FACTS

On January 25, 2016, Plaintiff pled guilty to charges of mail fraud and presenting false claims against the Internal Revenue Service ("IRS"). *United States v. Aliane*, 2:15-mj-465-TPK, ECF No. 33. Plaintiff's claims in this case arise from the events surrounding his arrest on those charges. Plaintiff alleges the following relevant facts in his Complaint.

On July 21, 2015, while Plaintiff was living at the Alvis House for Men (a halfway house in Columbus, Ohio), Plaintiff was arrested by Deputy Stroh. During a search incident to arrest, Deputy Stroh removed the key to Plaintiff's Mercedes Benz from Plaintiff's pocket and placed it in his own pocket. Upon his arrest, Plaintiff was transferred to the Franklin County Corrections Center I.

While at the Corrections Center, Plaintiff directed his "authorized agent" to collect his key from the jail and retrieve his car from the Alvis House parking lot. When Plaintiff's agent arrived at the jail on July 22, 2015, however, she was informed that the key was not with Plaintiff's personal property. Instead, she was referred to McKee. Apparently, Deputy Stroh had given the key to McKee earlier

that morning without Plaintiff's consent. Thereafter, Plaintiff alleges that "under the guise" of protecting unsecured valuables in Plaintiff's car, McKee conducted an unauthorized search of Plaintiff's vehicle in an effort to assist the police with obtaining evidence to support the charges against Plaintiff. Compl. ¶¶ 17, 29, ECF No. 2. The search of the car produced "one or more bank receipts in the amounts of $10,000 for Wood Forest Bank." *Id.* ¶ 19. McKee brought several items from the car into the Alvis House.

When Plaintiff's agent later requested that McKee turn over the key to her, McKee allegedly stated that doing so would "run afoul of the various government agents and agencies." *Id.* ¶ 21. Plaintiff and his agent thereafter contacted McKee on various occasions from July 21 through July 28 to request the return of Plaintiff's property and car but with no luck.

Plaintiff further alleges that, at an unspecified point in time, Special Agents Bailey and Roessner met McKee at the Alvis house and conducted an unauthorized "sneek [sic] and peek" of the property McKee previously removed from the car and moved inside the Alvis House. *Id.* ¶ 20. Plaintiff asserts that this evidence formed the basis, in part, of the probable cause affidavit supporting an application for a search warrant that Special Agents Bailey and Roessner obtained and executed on July 28, 2015. The warrant authorized the Special Agents to seize Plaintiff's car and Plaintiff's property that McKee had moved from the car to the Alvis House.

Plaintiff asserts that McKee's search of his car prior to obtaining a warrant, and Special Agents Roessner and Bailey's "sneak and peek" of the car's contents recovered by McKee, violated Plaintiff's Fourth Amendment rights. Plaintiff further

asserts that all Defendants acted in tandem to violate his rights. He seeks a declaration that Defendants' actions violated his Fourth Amendment rights and compensatory and punitive money damages.[1]

## II. STANDARD OF REVIEW

The Court will review de novo the portions of the R&R that have been properly objected to, pursuant to Federal Rule of Civil Procedure 72(b)(2). On de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

With respect to claims asserted by prisoners against a governmental entity or officer or employee of a governmental entity, the Court must conduct an initial review of the complaint and "dismiss the complaint, or any portion of the complaint, if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). While "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by

---

[1] It is worth noting that Plaintiff is no stranger to litigation in this Court. Plaintiff has filed at least two other lawsuits in this Court dealing with the property at issue here or the circumstances surrounding his arrest. *See Aliane v. Unites States Marshals Service, et al.*, No. 2:14-cv-602, 2015 WL 8539041 (S.D. Ohio De. 12, 2015); *Aliane v. McKee et al.*, No. 2:17-cv-1002. Plaintiff has also file a motion for a return of his property in his criminal case, *United States v. Aliane*, 2:15-cr-194, ECF No. 145.

lawyers," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "they still must set forth a cognizable federal claim," *Thompson v. Kentucky*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987).

### III.     ANALYSIS

The Magistrate Judge concluded that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "[A]ny Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea and incarceration [are] precluded by *Heck v. Humphrey*," if a court finding "that these searches were improper would undermine the basis of [Plaintiff's] guilty plea and sentence." *Jacob v. Twp. of W. Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008) (citation omitted); *see also Harper v. Jackson*, 293 F. App'x 389, 391–92 (6th Cir. 2008) ("*Heck* bars § 1983 Fourth Amendment claims where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion . . . ."); *King v. Fuller*, No. 4:08-cv-36, 2008 WL 4613076, at *2 (E.D. Tenn. Oct. 15, 2008) ("[T]he decisional law developed under § 1983 generally applies in *Bivens*-type actions."). If the items seized as a result of an unlawful search are not critical to the conviction, however, *Heck* does not bar a challenge to the lawfulness of the search and seizure because success on such a claim would not automatically imply the invalidity of a subsequent conviction. *See Ranke v. Pitt*, No. 11-12763, 2012 WL 1605493, at * 7 (E.D. Mich. Mar. 5, 2012). The burden rests with "the district court to assess on a case-by-case basis whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Id.* at 391–92 (reviewing the plaintiff's factual basis for his guilty plea and concluding that

since his unlawful seizure claim was based on the seizure of evidence that was not part of the factual basis for his guilty plea, *Heck* did not bar the plaintiff's unlawful seizure claim).

Moreover, to recover compensatory damages for an allegedly unlawful search and seizure, "a § 1983 plaintiff must prove not only that the search or seizure was unlawful, but that it caused him or her actual, compensable injury." *Straughter v. Fobar*, No. 2:16-cv-12025, 2016 WL 3269555, at *2 (E.D. Mich. June 15, 2016) (citing *Heck*, 512 U.S. at 487 n.7). The injury must "*not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7 (citing *Memphis Cmty. Sch. Dist. v. Stacura*, 477 U.S. 299, 308 (1986)).

Here, the Magistrate Judge found that Plaintiff's § 1983 claim is barred, concluding that the sole injury Plaintiff alleges is his subsequent conviction and incarceration. R&R 5, ECF No. 3. The Magistrate Judge based this finding on Plaintiff's allegations in his Federal Rule of Criminal Procedure 41(g) motion for return of property in his criminal case, *United States v. Aliane*, No. 2:15-cr-194. In that motion, Plaintiff asserts that, "only after [Defendants] were able to view the contents of [Plaintiff's] vehicle" (through the purportedly unlawful search), were Defendants able to obtain a search warrant on the vehicle. R&R 5, ECF No. 3 (quoting *Aliane*, No. 2:15-cr-194, ECF 45 at 3). Plaintiff also asserts in his Rule 41(g) motion that the items eventually seized pursuant to the warrant comprised nearly all of the evidence produced by the government during discovery in his criminal case. *Id.* On the basis of these allegations, the Magistrate Judge found

that, because the challenged search and seizure produced evidence resulting in Plaintiff's conviction, and because Plaintiff did not allege any compensable injury separate from his conviction and incarceration, a finding invalidating the search and seizure would necessarily imply the invalidity of Plaintiff's resulting conviction. *Id.* at 5–6. Therefore, the Magistrate Judge concluded that Plaintiff's claim is bared by *Heck* and recommended the dismissal of Plaintiff's Complaint. *Id.*

Plaintiff objects. In his objection, Plaintiff asserts that the evidence used to support his conviction was already in the government's possession prior to the issuance of the search warrant. Obj. 3, ECF No. 8. Instead of obtaining further evidence of the crime, Plaintiff now contends, the sole purpose of the purportedly unlawful search was (in Plaintiff's words) to "follow the money." *Id.* Therefore, Plaintiff argues, a finding in his favor in this *Bivens* suit would not necessarily imply the invalidity of his conviction. *Id.*

Notably, Plaintiff's allegations on objection flatly contradict the allegations made in his Complaint. For instance, Plaintiff specifically alleges that McKee, "under the guise" of protecting unsecured valuables in Plaintiff's vehicle, conducted an unauthorized search of the vehicle "*clearly to gather potential evidence for the government.*" Compl. ¶¶ 17, 29, ECF No. 2 (emphasis added). He also alleges that Special Agents Bailey and Roessner "used information about the illegally seized items in their probable cause affidavit." *Id.* ¶ 28. These allegations, like those in Plaintiff's Rule 41(g) motion in his criminal case, demonstrate that the true motive behind Plaintiff's case is to undermine the validity of his conviction by undermining the validity of the search that uncovered evidence used to secure his conviction.

Regardless of the fact that Plaintiff's new arguments contradict the allegations in his Complaint, they are ultimately beside the point. The Magistrate Judge ultimately concluded that Plaintiff had not alleged any injury separate from his conviction. Plaintiff does not object to that finding. But the case law makes clear that Plaintiff's claim is barred by *Heck* because he failed to allege a compensable injury other than his conviction and incarceration. *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (explaining that, according to *Schiling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995), "fourth amendment claims under § 1983 may be brought without setting aside the conviction only if success would not undermine the conviction *and* if the plaintiff alleges a compensable injury other than the conviction.") (emphasis added); *id.* (allowing a § 1983 claim to proceed when the plaintiff alleged compensable injuries independent of his conviction and imprisonment, namely, embarrassment, mental anguish, and emotional distress arising from the allegedly unlawful seizure); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999) (explaining that the *Heck* footnote on which *Schilling* relied for its rejection of a § 1983 claim "explicitly states that if evidence obtained at the allegedly unconstitutional search resulted in the § 1983 plaintiff's conviction, after being admitted under an exception to the exclusionary rule, a § 1983 action may lie, but the § 1983 plaintiff may not seek damages for the injury of being convicted and imprisoned until the conviction is overturned"); *Walker v. Wayne Cty. Prosecutor's Office*, No. 4:15-11789, 2015 WL 4389819, at *5 (E.D. Mich. Jul. 15, 2015) (finding a plaintiff's § 1983 claim barred by *Heck*, even though his claim would not necessarily imply the invalidity of his conviction, because the plaintiff had "not

alleged any facts indicating that" the alleged Fourth Amendment violation "caused him 'actual compensable injury' other than the injury of being convicted and imprisoned on the criminal charges on which he was arrested"); *Straughter*, 2016 WL 3269555, at *2 (dismissing a § 1983 complaint because the plaintiff did "not allege any injury to him from the alleged illegal arrest or search beyond his being convicted and incarcerated"). Accordingly, the Magistrate Judge's conclusion that Plaintiff's claims are barred by *Heck* is entirely consistent with the law.

Finally, Plaintiff also moves for leave to amend his complaint, "to clarify the actual, compensable injury other than his conviction and incarceration on charges of mail fraud and false claims against the United States." Mot., ECF No. 6, PAGEID # 31. That motion, however, is not properly before the Court. "[B]ecause he is a prisoner whose complaint is subject to the initial screening required by 28 U.S.C. § 1915A, no amendments to the complaint are permitted in order to cure pleading deficiencies which are revealed by that screening." *Mobley v. Mohr*, No. 2:11-cv-186, 2011 WL 4055234, at *3 (S.D. Ohio Sept. 12, 2011) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997)); *see also Napier v. Kerns*, 2009 WL 464453, at *3 (S.D. Ohio Feb. 23, 2009) (stating that the Court does not "have discretion to permit plaintiff to amend his complaint to avoid sua sponte dismissal" (citation omitted)). Accordingly, Plaintiff's motion for leave to amend his Complaint is **DENIED**.

Finally, in light of this Opinion and Order, Plaintiff's motion for a status conference, to ensure his case does not "go 'stale' on the docket," Mot. Status

Conf., ECF No. 9, and his motion to appoint counsel, ECF No. 10, are **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**